# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs May 20, 2014

## STATE OF TENNESSEE v. ELMUS TRAVIS GAYLOR

**Appeal from the Circuit Court for Campbell County**
**No. 13267     E. Shayne Sexton, Judge**

---

**No. E2013-02649-CCA-R3-CD - Filed June 25, 2014**

---

Elmus Travis Gaylor ("the Defendant") pleaded guilty to second degree murder and especially aggravated robbery.  Following a sentencing hearing, the trial court ordered the Defendant to serve an effective sentence of twenty-five years.  On appeal, the Defendant challenges the length of his sentence.  After a thorough review of the record and the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Clarence E. Pridemore, Jr. (on appeal), and Steven E. Sams (at trial), Knoxville, Tennessee, for the appellant, Elmus Travis Gaylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Lori Phillips-Jones, District Attorney General; and Michael O. Ripley and Scarlett W. Ellis, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted on April 5, 2007, on one count each of first degree premeditated murder, first degree felony murder, and especially aggravated robbery.  He

subsequently pleaded guilty to second degree murder and especially aggravated robbery.[1] At the Defendant's plea submission hearing, the State recited the following factual basis for the plea, as stipulated by the parties:

> [B]etween June 2 and June 3, 2006, this defendant . . . did unlawfully, feloniously and knowingly kill Jonathan Dale Pierce and did so at a location in Campbell County, Tennessee. Count three, that between June 2 and June 3, 2006, this defendant . . . did unlawfully, feloniously and intentionally obtain money – property from the person of [the victim], did so through violence with the intent to deprive the owner of that property, did so without the owner's consent, and this acquisition of property was accomplished through the use of a deadly weapon, specifically a metal tool or other club, and in the process of doing this, the victim . . . suffered serious bodily injury, and both of these offenses occurred in Campbell County, Tennessee.

Pursuant to the plea agreement, the Defendant's sentence was to be determined by the trial court following a sentencing hearing.

At the sentencing hearing, the presentence report was entered into evidence without objection. Additionally, victim impact statements of the parents and brother of the deceased victim were admitted into evidence without objection. Neither the State nor the Defendant called any witnesses to testify. In determining the Defendant's sentence, the trial court stated,

> The State has asked the Court to consider certain enhancement factors. The Court has done that. The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. It has clearly been shown through the presentence investigation and is not – not overly contested by the defendant.
>
> The State has also asked this Court to consider that the defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense. This Court heard the proof in this case, it was quite shocking as to – well, the – certainly, the injuries that the victim incurred due to the defendant's behavior. . . . This was a cruel act. This man was left

---

[1] On the same day, the Defendant also pleaded guilty to vandalism over $1,000 and promoting the manufacture of methamphetamine in two separate cases. Those convictions are not part of this appeal.

behind, and . . . that factor weighs heavily against the defendant. It has been supported by the proof in this case and the other cases.

. . . .

The defendant possessed or employed a club, a deadly weapon, during the commission of the offense, I do find that there was evidence of that. Whether or not acting part and parcel with other people, this was . . . committed with a deadly weapon, and I find that there is evidence to support that enhancing factor.

The trial court did not afford any weight to any mitigating factors in its sentencing determination. After stating its findings and considerations, the trial court sentenced the Defendant to the maximum sentence of twenty-five years for his convictions for second degree murder and especially aggravated robbery. The trial court ordered these sentences to run concurrently to each other and to the Defendant's sentences for vandalism and promoting the manufacture of methamphetamine, for a total effective sentence of twenty-five years' incarceration. On March 22, 2013, almost three years after judgment in this case became final, the Defendant filed a petition for post-conviction relief, claiming that his trial counsel failed to appeal his sentence. The trial court dismissed the petition as untimely but granted the Defendant a delayed appeal. On appeal, the Defendant challenges the length of his sentence.

## Analysis

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections ] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (Supp. 2005).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C) (Supp. 2005). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2003).

Our Sentencing Act also mandates as follows:

In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Additionally, a sentence including confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision." Id. at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Defendant argues that the trial court erred in determining the length of his sentence. Specifically, the Defendant asserts that the trial court erred in failing to consider as a mitigating factor that the Defendant cooperated with the State by testifying for the State at his co-defendant's trial.

In determining the length of the Defendant's sentences, the trial court considered as enhancement factors that the Defendant had "a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," see Tenn. Code Ann. § 40-35-114(1) (Supp. 2005); that the Defendant "treated, or allowed a victim to be treated, with exceptional cruelty during the commission of the offense," see id. at § -114(5); and that the Defendant "possessed or employed a . . . deadly weapon during the commission of the offense," see id. at § -114(9).

Initially, we note that the use of a deadly weapon is an essential element of especially aggravated robbery. See Tenn. Code Ann.§ 39-13-403 (2003). Therefore, although the trial

court did not specify whether it considered this factor for all of the Defendant's convictions[2] or only for a certain conviction, consideration of the enhancement factor of possession or employment of a deadly weapon as to the Defendant's sentence for especially aggravated robbery was not proper. See Tenn. Code Ann. § 40-35-114; State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). The trial court's consideration of that factor was proper, however, as to the Defendant's sentence for second degree murder, given that the use of a deadly weapon is not an essential element of the offense. See Tenn. Code Ann. § 39-13-210 (2003).

We also note that there is a lack of evidence in the record to "demonstrate[] a culpability distinct from and appreciably greater than that incident to the crime," State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997) (citation omitted) (internal quotation marks omitted), sufficient to support the trial court's consideration of the exceptional cruelty factor. The Defendant's statement from the presentence report indicates that the victim was beaten with a club and that the Defendant and his accomplices loaded the victim into the back of a truck and pushed the truck "over the bank." Without more in this record, however, we cannot conclude that the proof supports application of this factor in enhancing the Defendant's sentences for especially aggravated robbery and second degree murder.[3]

As to the other enhancement factor considered by the trial court regarding the Defendant's criminal history, the record supports the trial court's consideration. The record indicates that the Defendant, in fact, does have a substantial criminal record and was sentenced as a Range I offender. See Tenn. Code Ann. §§ 40-35-105 (2003), 40-35-112 (2003).

Regarding the trial court's consideration of mitigating factors, the trial court stated, "The defendant has filed mitigating factors. I have reviewed those mitigating factors, and although they are a valid effort – a valid attempt to help this young man in this process, they are of no persuasive value whatsoever."

We hold that the trial court imposed this sentence in a manner consistent with the purposes, principles, and goals of the Sentencing Act. As noted above, the record supports the trial court's consideration of the Defendant's criminal history as an enhancement factor. Thus, even if the trial court misapplied the enhancement factor as to the use of a deadly

---

[2] At this sentencing hearing, the trial court also determined the Defendant's sentences for his convictions for vandalism and promoting the manufacture of methamphetamine.

[3] We note that the trial court mentioned in its remarks at the sentencing hearing that it had heard proof regarding this factor. We assume that this proof was in the trial of the Defendant's accomplice. The transcript of that proof is not in the record before us in this case.

weapon with respect to the especially aggravated robbery conviction or the enhancement factor concerning exceptional cruelty, we discern no abuse of discretion by the trial court. See Bise, 380 S.W.3d at 709 ("[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision."). Accordingly, the Defendant is entitled to no relief.

## CONCLUSION

For the reasons set forth above, we affirm the judgments of the trial court.


_____
JEFFREY S. BIVINS, JUDGE